UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BRIAN MILLER, | ) | 1:06-CV-0476 JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| CATHY MENDOZA-POWERS, Warden, | ) | |
| | ) | ORDER DECLINING ISSUANCE OF |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Kern County Superior Court. He pled no contest to forgery and admitted a prior strike and two prior state prison terms. The trial court sentenced Petitioner to a total prison term of eight years. (Answer at 1.)

Petitioner did not appeal his conviction. (Id.)

Petitioner filed two petitions for writ of habeas corpus in the Kern County Superior Court. The court denied both petitions. (Answer at 2; Lodged Docs. 2-5.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. The

court denied the petition. (Answer at 2; Lodged Docs. 6-7.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The court denied the petition. (Answer at 2; Lodged Docs. 8-9.)

On April 10, 2006, Petitioner filed the instant petition in the Central District of California. On April 24, 2006, the petition was transferred to this Court. The petition raises the following two grounds for relief: 1) the trial court imposed a sentence that was not authorized by law; and 2) ineffective assistance of trial counsel.

On August 24, 2007, Respondent filed an answer to the petition.

On September 10, 2007, Petitioner filed a traverse to the answer.

Consent to Jurisdiction of Magistrate Judge

On May 10, 2006, Petitioner filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Doc. 3.) On May 30, 2007, Respondent also filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Doc. 8.) On June 26, 2007, the Court issued a consent order reassigning the case to Magistrate Judge William M. Wunderlich. (Court Doc. 12.) The Court then reassigned the case to the undersigned.

**FACTUAL BACKGROUND**

The information alleged that Petitioner, on or about January 15, 2004, unlawfully forged a check in violation of California Penal Code section 470(d). Petitioner pled no contest to the charge. (Lodged Doc. 14 at 10.) He also admitted that he had suffered prior convictions for burglary, robbery, and arson and that he had served two prior prison terms. (Id. at 11.) The trial court sentenced Petitioner to an upper term of six years on the forgery charge, enhanced by two years for the prior prison terms pursuant to Penal Code section 667.5(b). (Lodged Doc. 15 at 7.)

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

1  Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court,
2  which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).
3  Accordingly, the Court has jurisdiction over the action.
4       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
5  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
6  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997),
7  *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997),
8  *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only
9  applicable to cases filed after statute's enactment). The instant petition was filed after the enactment
10 of the AEDPA; thus, it is governed by its provisions.
11 **II.  Legal Standard of Review**
12      This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
13 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
14 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
15      The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
16 Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).
17 Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of
18 the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,
19 clearly established Federal law, as determined by the Supreme Court of the United States" or
20 "resulted in a decision that was based on an unreasonable determination of the facts in light of the
21 evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
22 70-71; see Williams, 529 U.S. at 413.
23      As a threshold matter, this Court must "first decide what constitutes 'clearly established
24 Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
25 *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
26 must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
27 of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words,
28 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set

forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

    **A.  Ground One**

Petitioner argues that California law does not authorize a base term of three years on a

conviction for forgery under Penal Code section 470(d).  Petitioner argues that the imposition of one of the prior prison term enhancements was improper.  Petitioner further argues that his rights were violated when the trial court imposed an upper-term sentence based on facts not found by the jury beyond a reasonable doubt or admitted by Petitioner.

These claims were presented in petitions for writ of habeas corpus to the Kern County Superior Court, which denied the petitions in reasoned opinions.  (Lodged Docs. 2-5.)  The issues were then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions.  (Lodged Docs. 6-9.)  The California Court of Appeal and California Supreme Court, by their "silent orders" denying the petitions, are presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claims, the Superior Court found that Petitioner failed to make a prima facie case for relief, as his sentence was mathematically and statutorily accurate.  (Lodged Docs. 3, 5.)

1. Base term for forgery conviction

Petitioner argues that California law does not authorize a base term of three years on a conviction for forgery under Penal Code section 470(d).

"The crime of forgery is what the California cases call a 'wobbler,' that is, it is punishable as either a felony or a misdemeanor.  If the forgery is treated as a misdemeanor, the maximum penalty is one year."  U.S. v. Leake, 908 F.2d 550, 551-52 (9th Cir. 1990) (citations omitted); Cal. Penal Code § 473.  If the forgery is treated as a felony, the possible base terms are three years, two years, and sixteen months.  See id. at 552 n.4; Cal. Penal Code §§ 18, 473.

Petitioner has not shown that the trial court imposed an illegal sentence, as it was authorized under California law to choose a base term of three years on the forgery charge.

2. Imposition of prior prison term enhancement

Petitioner argues that the trial court improperly imposed the one-year sentence enhancement under Penal Code section 667.5(b) for the prior prison term relating to the 1993 arson charge.  Section 667.5(b) states as follows:

> Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

Cal. Penal Code § 667.5(b). Petitioner claims that imposition of the enhancement was improper because the true facts show he remained free of custody and did not commit an offense for more than five years following his release from custody after the arson conviction.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Here, Petitioner pled no contest to the forgery charge and admitted serving two prior prison terms, including a term for the 1993 arson conviction. Petitioner further admitted that he did not remain free of custody for five years upon his release following the arson conviction. (Lodged Doc. 14 at 2-3, 11-12.) Because Petitioner admitted the facts necessary to authorize imposition of the one-year enhancement, he cannot obtain federal habeas relief on a claim that the true facts were insufficient to support the enhancement. See Henderson v. Morgan, 426 U.S. 637, 648 (1976) ("The Court has repeatedly emphasized that 'a guilty plea for federal purposes is a judicial [a]dmission of guilt conclusively establishing a defendant's factual guilt.'"); Mitchell v. Superior Court for Santa Clara County, State of Cal., 632 F.2d 767, 770-73 (9th Cir. 1980) ("[A] guilty plea precludes federal habeas relief not because a defendant thereby waives his right to seek it, but because a guilty plea admits factual guilt."); see also Cal. Penal Code § 667.5(d) (stating that the additional penalties for prior prison terms may be imposed if they are either charged and admitted or found true in the action for the new offense).

### 3. Imposition of upper-term sentence

Petitioner argues that his rights were violated when the trial court imposed an upper-term sentence on the forgery count based on facts not found by the jury beyond a reasonable doubt or admitted by Petitioner.

While the imposition of an upper term based on aggravating factors not found by the jury generally violates the Sixth Amendment, the Supreme Court has retained an exception for findings of a defendant's prior convictions. Cunningham v. California, 127 S.Ct. 856, 868 (2007); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Further, "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence." Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). For that reason, if at least one of the aggravating factors on which the judge relied in sentencing was established in a manner consistent with the Sixth Amendment, the sentence does not violate the Constitution. Id.

Here, in selecting the upper term for the forgery charge, the trial judge relied on Petitioner's numerous prior convictions as an adult, the fact that Petitioner had served a prior prison term, and Petitioner's previous, unsatisfactory performance on probation and parole. (Lodged Doc. 15 at 6-7.) The court's selection of the upper term did not violate Petitioner's rights, as the finding regarding his prior convictions was sufficient on its own to authorize imposition of an upper term. See Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). The fact that the court may have also considered other factors not falling within the prior conviction exception does not affect the analysis. See id. at 648-49 ("[T]he relevant question [regarding a Sixth Amendment sentencing violation] is not what the trial court would have done, but what it legally could have done. After one aggravating factor was validly found, the trial court legally could have imposed the upper term sentence. That the judge might not have done so in the absence of an additional factor does not implicate the Sixth Amendment, as that consideration concerns only the imposition of a sentence within an authorized statutory range.").

**B. Ground Two**

Petitioner argues that trial counsel provided ineffective assistance in the following ways: 1) counsel did not object to the use of an unauthorized base term for the forgery conviction; 2) counsel

did not properly investigate the true facts underlying one of the prior prison term enhancements; 3) counsel did not object to the imposition of the upper-term sentence; and 4) counsel did not file a motion or appeal challenging Petitioner's sentence.

These claims were presented in a petition for writ of habeas corpus to the Kern County Superior Court, which denied the petition in a reasoned opinion. (Lodged Docs. 2-3.) The issues were then raised in petitions for writ of habeas corpus to the California Court of Appeal and California Supreme Court, which summarily denied the petitions. (Lodged Docs. 6-9.) The California Court of Appeal and California Supreme Court, by their "silent orders" denying the petitions, are presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claims, the Superior Court found that Petitioner failed to make a prima facie case for relief. (Lodged Doc. 3.)

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998). In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different." Strickland, 466 U.S. at 694.

Petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial, one whose result is reliable. Id. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at 697. Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### 1. Unauthorized base term

Petitioner argues that counsel was ineffective in not objecting to the use of a three year base term for the forgery conviction. Petitioner has not shown deficient performance by counsel or prejudice, however, as, for the reasons discussed above in part III.A, the trial court was authorized to select a three year base term.

### 2. Imposition of prior prison term enhancement

Petitioner argues that counsel was ineffective in not properly investigating the true facts underlying the one-year prior prison term enhancement relating to the 1993 arson conviction. Petitioner claims that the true facts were insufficient to support imposition of the enhancement.

Petitioner has not shown deficient performance by counsel or prejudice, however, as Petitioner chose to openly and explicitly admit that he served a prison term for the arson conviction and that he had not remained free of custody for five years following his release. (Lodged Doc. 14 at 11.) Further, Petitioner's admission to the facts underlying the prior prison term enhancement was part of a broader agreement in which he would admit to certain charges with the understanding that the trial court would strike two of his prior strike convictions and sentence him to a maximum of

eight years in prison. (Lodged Doc. 14 at 2-3, 10-11; Lodged Doc. 15 at 5-6.) Petitioner has not shown a reasonable probability of a more favorable sentence if counsel had investigated the specific facts underlying the prior prison term enhancement.

### 3. Imposition of upper term

Petitioner argues that counsel was ineffective in not objecting to imposition of the upper term on the forgery charge, as the facts relied on by the trial court were not found by a jury beyond a reasonable doubt or admitted by Petitioner. Petitioner has not shown deficient performance or prejudice, however, as the trial court was authorized to impose the upper term based on Petitioner's prior convictions as discussed above.

### 4. Failure to file motion or appeal

Petitioner argues that counsel was ineffective in not filing a motion or appeal challenging his sentence. Petitioner has not shown deficient performance or prejudice, however, as he has not shown a reasonable probability that any challenge to the sentence imposed would have been successful.

## IV. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant

has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   October 10, 2008**              /s/ John M. Dixon
                                           UNITED STATES MAGISTRATE JUDGE